IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

MARCH 1998 SESSION

FILED

July 1, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9703-CR-00093 |
| | ) | |
| | ) | Sumner County |
| v. | ) | |
| | ) | Honorable Jane Wheatcraft, Judge |
| | ) | |
| JAMES ALLEN GOOCH, SR., | ) | (Sale of less than one-half gram of |
| a/k/a "Angie Foot" | ) | cocaine) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Mark W. Henderson
1719 West End Avenue
Suite 600-E
Nashville, TN 37203

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Georgia Blythe Felner
Assistant Attorney General of Tennessee
450 James Robertson Parkway
Nashville, TN 37243-0493

Lawrence Ray Whitley
District Attorney General
        and
Dee Gay
Assistant District Attorney General
113 West Main Street
Gallatin, TN 37066

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, James Allen Gooch, Sr., a/k/a "Angie Foot," appeals as of right from his conviction upon a guilty plea in the Sumner County Criminal Court for the sale of under one-half gram of cocaine, a Class C felony. The defendant was charged with two counts of selling less than one-half gram of cocaine, possession of marijuana, and possession of drug paraphernalia. Pursuant to an agreement, the defendant entered a guilty plea to one count of selling less than one-half gram of cocaine, and the remaining charges were dismissed. The defendant was sentenced as a Range I, standard offender to five years in the custody of the Department of Correction. The trial court also imposed a two-thousand-dollar fine. The defendant contends that the trial court erred by failing to consider a sentence other than confinement by the Department of Correction. We affirm the judgment of the trial court.

The record reflects that on April 1, 1996, the defendant sold forty dollars worth of crack cocaine to a confidential informant. The next day, the defendant sold twenty dollars worth of crack cocaine to the same informant. When the defendant was arrested on April 4, 1996, he was in possession of marijuana and drug paraphernalia.

At the sentencing hearing, the defendant testified that he had a six-month-old son who lived with him. He also stated that he worked full-time for General Contractors in Nashville. The defendant stated that he sold drugs to support his cocaine habit but said that he was no longer using cocaine. The defendant admitted that when he entered his guilty plea six weeks earlier, he would not submit to a drug test because he believed that he would test positive for cocaine. He also admitted that he had been involved in either the use or sale of drugs for twenty years. He stated that when he would travel to buy cocaine he would use it while driving back home. He admitted that he could not count the number of people to whom he had sold drugs. He admitted that he had numerous prior convictions, mostly misdemeanors, ranging from

2

drug offenses to attempted aggravated assault. The defendant testified that he continued to sell cocaine and marijuana while he was on probation for another crime.

The presentence report reflects that the defendant dropped out of school in the ninth grade. In the report, the defendant estimated that he used an ounce of marijuana and an eight ball of cocaine per week. He had been in two drug and alcohol treatment programs and completed only one of those programs. The report states that the defendant had thirty-one prior convictions, one for felony drug sale and the remainder for misdemeanors involving such things as theft, weapons offenses, worthless checks, harassment, possession of a gambling device, unlawful storage of liquor for sale, contributing to the delinquency of a minor, attempted aggravated assault, assault and battery, public intoxication, aiding and abetting prostitution, and disorderly conduct.

The trial court, denying alternative sentencing, sentenced the defendant to five years incarceration. The court recognized that most of the defendant's prior convictions were misdemeanors, but the court expressed concern over the number of lives that were affected by the defendant's long history of drug use and sales.

Appellate review of sentencing is de novo on the record with a presumption that the trial court's determinations are correct. T.C.A. §§ 40-35-401(d) and -402(d). As the Sentencing Commission Comments to these sections note, the burden is now on the appealing party to show that the sentencing is improper. This means that if the trial court follows the statutory sentencing procedure, makes findings of fact that are adequately supported by the record, and gives due consideration and proper application of the factors and principles that are relevant to sentencing under the 1989 Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 803 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

As a Range I, standard offender who has been convicted of a Class C felony, the defendant is presumed to be a favorable candidate for a sentence other than confinement, if there is no evidence to the contrary. See T.C.A. § 40-35-102(5) and (6). The presumption in favor of alternative sentencing may be rebutted if (1) "confinement is necessary to protect society by restraining the defendant who has a long history of criminal conduct," (2) "confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses," or (3) "measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." T.C.A. § 40-35-103(1)(A)-(C); see State v. Ashby, 823 S.W.2d 166, 169 (Tenn. Crim. App. 1991).

The defendant contends that the trial court failed to give adequate consideration to sentencing alternative to incarceration in the custody of the Department of Correction. Specifically, the defendant argues that in light of his responsibility for his six-month-old son, the trial court should have given greater consideration to sentencing him to some form of probation, house arrest, or incarceration with work release.

Initially, we note that the record does not include a transcript of the guilty plea hearing at which the convicting evidence would have been presented by stipulation or testimony. In order for us to conduct a proper de novo review, the guilty plea hearing transcript should be made a part of the record on appeal. The defendant must prepare a transcript of the evidence that is necessary to convey a fair, accurate and complete account of what transpired with respect to those issues that are the bases of appeal. T.R.A.P. 24(b). Absent a record of the guilty plea hearing, at which evidence relevant to sentencing is often provided, we are unable to perform a complete de novo review.

4

In any event, although the trial court did not provide a record of findings and considerations as contemplated by the sentencing laws, we conclude that the record supports the sentence imposed. The trial court indicated that the defendant's long criminal history and the resulting danger to society outweighed all other considerations. With the defendant having thirty-one prior convictions, thirteen of which are drug-related, we conclude that the evidence supports the sentence imposed. We do not believe that the claimed hardship on the defendant's family warrants a different result under the circumstances of this case.

In consideration of the foregoing and the record as a whole, the judgment of conviction entered by the trial court is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
David H. Welles, Judge

_____
Joe G. Riley, Judge